United States District Court
Southern District of Texas
**ENTERED**
February 10, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HERMAN DAVIS, TDCJ #637944, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-20-1485 |
| BOBBY LUMPKIN, Director,[1] | § | |
| Texas Department of Criminal | § | |
| Justice - Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Herman Davis (TDCJ #637944) has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody under 28 U.S.C. § 2254 ("Petition") (Docket Entry No. 1) challenging the revocation of his parole and subsequent calculation of his prison sentence. Now pending is Respondent [Bobby Lumpkin]'s Motion for Summary Judgment with Brief in Support ("Respondent's MSJ") (Docket Entry No. 16), arguing that the Petition is barred by the governing one-year statute of limitations. Davis has replied with Petitioner's Response to Summary Judgment With Brief in Support; De Novo Review ("Petitioner's Response") (Docket Entry No. 20). After considering

---

[1]The court substitutes Director Bobby Lumpkin, who has replaced former Director Lorie Davis, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

all of the pleadings, the state court records, and the applicable law, the court will grant Respondent's MSJ and will dismiss this action for the reasons explained below.

## I. Background

Davis is incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") as the result of an 80-year prison sentence that was entered against him in 1992 by the 292nd Judicial District Court of Dallas County in Cause No. F92-43184-V.[2] Davis was convicted of aggravated robbery, and the conviction was affirmed on appeal. See Davis v. State, No. 05-93-00047-CR, 1996 WL 479671 (Tex. App. — Dallas, Aug. 16, 1996, no pet.). Davis does not challenge his underlying conviction. Instead, he challenges a parole revocation proceeding and the subsequent calculation of his prison sentence.[3] Because Davis is serving that sentence at the Pack I Unit in Navasota,[4] which is located in Grimes County, this court has jurisdiction to hear his Petition.[5] See 28 U.S.C. § 2241(d).

---

[2] Petition, Docket Entry No. 1, p. 2. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

[3] Id. at 5, 6-7, 11.

[4] Id. at 1.

[5] See 28 U.S.C. § 124(b)(2) (including Grimes County within the Southern District of Texas, Houston Division).

Davis filed the pending Petition on March 24, 2020,[6] asserting that he is entitled to federal habeas corpus relief for the following reasons:

1. He was denied appointed counsel during his parole revocation hearing in violation of his right to due process.

2. The Texas Board of Pardons and Paroles ("Parole Board") violated due process by not holding a preliminary hearing.

3. Officials wrongly forfeited 7 years, 3 months, and 13 days of "street time" credit and previously earned "good time" credit as a result of the revocation.

4. His time credits should not have been forfeited because his parole was revoked for technical violations, and not because he committed a new offense.

5. By forfeiting his time credits, the Parole Board improperly extended the sentence he received originally from the trial court in violation of the separation of powers doctrine.[7]

---

[6] The Petition, which was received on April 1, 2020, is not dated. See Petition, Docket Entry No. 1, p. 10. However, a pleading attached to that Petition is dated March 24, 2020. See "[Petitioner's] Order to Show Cause Pursuant to 28 U.S.C. § 2243" ("Petitioner's Memorandum"), attached to the Petition, Docket Entry No. 1-1, p. 13. Using the date most favorable to Davis, the court considers that the Petition was filed on March 24, 2020, under the mailbox rule that applies to pro se prisoner pleadings. See Richards v. Thaler, 710 F.3d 573, 578-79 (5th Cir. 2013).

[7] Petition, Docket Entry No. 1, pp. 6-7, 11. Good-time credit shortens the duration of time served for good conduct in prison, see Tex. Gov't Code 498.003, while street-time credit refers to time spent out of custody while on parole. See Ex parte Spann, 132 S.W.3d 390, 392 n.2 (Tex. Crim. App. 2004) ("Street-time credit refers to calendar time a person receives towards his sentence for days spent on parole or mandatory supervision.").

The respondent argues that the Petition must be dismissed because it is untimely and barred by the governing one-year statute of limitations on federal habeas corpus review.[8]

## II. Discussion

### A. The One-Year Statute of Limitations

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), the Petition is subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which runs from the latest of --

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Davis does not challenge a state court judgment of conviction, and he does not reference a state-created impediment to review or a newly recognized constitutional right

---

[8]Respondent's MSJ, Docket Entry No. 16, pp. 5-10.

-4-

made retroactive by the Supreme Court. Therefore, review of the claims presented in his Petition is governed by the statute of limitations found in § 2244(d)(1)(D). See Goodwin v. Dretke, 150 F. App'x 295, 298 (5th Cir. 2005) (per curiam) (noting that "[§ 2244(d)(1)(D)] governs the timeliness vel non of the filing of claims predicated on parole decisions").

The respondent presents evidence relevant to Davis's claims in the form of state court records and an affidavit from Charley Valdez, Program Supervisor III for the TDCJ-CID Classification and Records Department.[9] Valdez reports that Davis, who received his 80-year sentence in 1992, was released from prison on parole on May 30, 2008.[10] Davis returned to custody several times and was placed in an intermediate sanction facility in 2010, 2011, 2013, and 2016.[11] A pre-revocation warrant issued for Davis most recently on February 2, 2017, and the warrant was executed on May 7, 2017.[12] The Parole Board voted to revoke Davis's parole on June 13, 2017, for failure to pay supervision fees and to report as directed to his parole officer.[13]

---

[9] Affidavit of Charley Valdez ("Valdez Affidavit"), Exhibit A to Respondent's MSJ, Docket Entry No. 16-1, pp. 1-5.

[10] Id. at 2.

[11] Id. at 3-4.

[12] Id. at 4.

[13] Id.; State of Texas Board of Pardons and Paroles Hearing/Waiver Results, Exhibit A to Respondent's MSJ, Docket Entry No. 16-2, pp. 2-3.

Because Davis was serving a sentence for aggravated robbery, the revocation of his parole meant that he forfeited 7 years, 3 months, and 13 days of street-time credit pursuant to Tex. Gov't Code §§ 508.149(a)(12), 508.283(b).[14] He also forfeited all previously accrued good-time credit pursuant to Tex. Gov't Code § 498.004(b).[15] Because these facts would have been evident to Davis when his parole was revoked on June 13, 2017, the statute of limitations for his claims expired one year later on June 13, 2018. See Sanford v. Thaler, 481 F. App'x 202, 203, 2012 WL 2937467, at *1 (5th Cir. 2012) (per curiam) (citations omitted). The federal habeas Petition filed by Davis on March 24, 2020, is late by almost two years (650 days), and is therefore barred by the statute of limitations unless a statutory or equitable exception applies.

**B. Statutory Tolling Will Not Save Davis's Untimely Petition**

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for State post-conviction or other collateral review" is pending shall not count toward the limitations period on federal habeas review. Although Davis submitted three applications that qualify as applications for collateral review, the amount of tolling available for these proceedings does not extend the limitations period enough to make his federal Petition timely.

---

[14]Valdez Affidavit, Exhibit A to Respondent's MSJ, Docket Entry No. 16-1, p. 4.

[15]Id.

-6-

On February 1, 2018, Davis filed a Time Dispute Resolution ("TDR") Form with the TDCJ Classification and Records Department to challenge the loss of his time credits.[16] Officials promptly rejected Davis's TDR Form on March 12, 2018.[17] As a result, Davis's TDR request tolled the statute of limitations for only 40 days. See Stone v. Thaler, 614 F.3d 136, 138-39 (5th Cir. 2010) (noting that a Texas prisoner is entitled to statutory tolling during the time that a TDR request is pending, but only for a maximum of 180 days).

Davis also filed two habeas proceedings in state court. On February 9, 2018, Davis filed his first Application for a Writ of Habeas Corpus Seeking Relief From Final Felony Conviction Under [Texas] Code of Criminal Procedure, Article 11.07 ("First State Habeas Application") to challenge his parole revocation and the calculation of his sentence.[18] The trial court entered Findings of Fact and Conclusions of Law, recommending that relief be denied because all of Davis's claims were without merit.[19] The Texas Court of Criminal Appeals denied relief without a written order on findings made by the trial court on August 22, 2018.[20] This

---

[16]Valdez Affidavit, Exhibit to Respondent's MSJ, Docket Entry No. 16-1, p. 5.

[17]Id.

[18]First State Habeas Corpus Application, Docket Entry No. 17-5, pp. 37-53.

[19]Findings of Fact and Conclusions of Law ("Findings and Conclusions"), Docket Entry No. 17-4, pp. 9-18.

[20]Action Taken on Writ No. 88,268-01, Docket Entry No. 17-1, p. 1.

proceeding, which overlapped with the time Davis's TDR Form was pending, tolled the statute of limitations period for 195 days.[21]

On August 12, 2019, Davis filed a second Application For a Writ of Habeas Corpus Seeking Relief From Final Felony Conviction Under [Texas] Code of Criminal Procedure Article 11.07 ("Second State Habeas Application"), raising the same claims that were presented in his First State Habeas Application.[22] After considering a response from the State, the trial court recommended dismissing the Second State Habeas Application as procedurally barred.[23] The Texas Court of Criminal Appeals summarily denied relief without a written order on November 27, 2019.[24] Because this state habeas proceeding was filed after the limitations period had already expired, it has no tolling effect for purposes of

---

[21] While Davis's First State Habeas Application was pending, he filed a Petition for a Writ of Mandamus on April 9, 2018. See Docket Entry No. 17-7, pp. 1-7. The Texas Court of Criminal Appeals summarily denied Davis leave to seek mandamus relief on May 2, 2018. See Action Taken on Writ No. 88,268-02, Docket Entry No. 17-6, p. 1. This proceeding, which did not raise any independent claims for collateral review, has no tolling effect under 28 U.S.C. § 2244(d)(2). See Moore v. Cain, 298 F.3d 361, 366-67 (5th Cir. 2002).

[22] Second State Habeas Application, Docket Entry No. 17-9, pp. 34-49.

[23] See Order Finding No Controverted, Previously Unresolved Factual Issues Requiring a Hearing, Docket Entry No. 17-9, p. 105; see also State's Response to Application for a Writ of Habeas Corpus, Docket Entry No. 17-9, pp. 101-04 (arguing that Davis's Second State Habeas Application was procedurally barred as a subsequent writ under Tex. Code Crim. Proc. Ann. art. 11.07, § 4).

[24] Action Taken on Writ No. 88,268-03, Docket Entry No. 17-8, p. 1.

§ 2244(d)(2). See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period). Even if tolling were authorized, Davis's Second State Habeas Application was pending for only 107 days. When considered in combination with the amount of tolling available for Davis's TDR proceeding (40 days) and his First State Habeas Application (195 days), this would not be enough tolling to save his federal Petition, which was filed 650 days late.

Davis has not proposed any other basis for statutory tolling. Accordingly, statutory tolling will not save his untimely federal Petition, which must be dismissed unless an equitable basis exists to extend the statute of limitations on federal habeas review.

C.  **Equitable Tolling is Not Warranted**

Equitable tolling is available at the court's discretion "only in rare and exceptional circumstances." Jackson v. Davis, 933 F.3d 408, 410 (5th Cir. 2019) (citation and internal quotation marks omitted). "The petitioner bears the burden of establishing that equitable tolling is warranted." Hardy v. Quarterman, 577 F.3d 596, 598 (5th Cir. 2009) (citation omitted). To meet this burden a petitioner must demonstrate (1) that he pursued federal review with due diligence and (2) that "'some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005)).

Davis has not offered any explanation for his delay in seeking federal habeas review. Although Davis represents himself, a prisoner's pro se status, incarceration, and ignorance of the law do not excuse his failure to file a timely petition and are not grounds for equitable tolling. See Felder v. Johnson, 204 F.3d 168, 171-72 (5th Cir. 2000); see also Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling).

The court is mindful of the effect a dismissal will have on the petitioner's ability to have his claims heard by a federal court, but the record does not disclose exceptional circumstances that would warrant equitable tolling.[25] See Felder, 204 F.3d at 173. Because Davis fails to establish that any exception to the AEDPA statute of limitations applies, the Respondent's MSJ will be granted, and the Petition will be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

---

[25]The court notes that the trial court considered Davis's claims during his first state habeas corpus proceeding and concluded that they were without merit. See Findings and Conclusions, Docket Entry No. 17-4, pp. 9-18. Davis does not demonstrate that the state court's decision to reject these claims was contrary to, or involved an unreasonable application of, clearly established federal law for purposes of obtaining federal habeas corpus relief under the governing law. See 28 U.S.C. § 2254(d)(1). Absent a showing that Davis has a valid claim for relief, he fails to fit within the narrow equitable exception to the statute of limitations that exists where a miscarriage of justice would result. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1932 (2013) (observing that a showing of actual innocence may fit within the miscarriage of justice exception to overcome a procedural bar).

### III.   Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.  A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'"  Tennard v. Dretke, 124 S. Ct. 2562, 2569 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)).  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."  Slack, 120 S. Ct. at 1604.  Because this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct, a certificate of appealability will not issue.

### IV.   Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1.  Respondent [Bobby Lumpkin]'s Motion for Summary Judgment (Docket Entry No. 16) is **GRANTED**.

2.  The Petition for a Writ of Habeas Corpus By a Person in State Custody under 28 U.S.C. § 2254

-11-

filed by Herman Davis (Docket Entry No. 1) is **DISMISSED WITH PREJUDICE**.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 10th day of February, 2021.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE